USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM PAGE

Petitioner,

-v-

GARY GREENE, Superintendent, Eastern Correctional Facility,

Respondent.

Case No. 05-CV-3985 (KMK) (LMS)

ORDER ADOPTING REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

Pro se petitioner William Page ("Petitioner"), brings this writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his convictions, under three separate indictments, for three counts of burglary in the first degree, three counts of sodomy in the first degree, one count of rape in the first degree, one count of attempted rape in the first degree, one count of attempted sodomy in the first degree, three counts of sexual abuse in the first degree, three counts of burglary in the second degree, two counts of robbery in the third degree, four counts of petit larceny, one count of grand larceny in the fourth degree, one count of criminal possession of stolen property in the fifth degree, and one count of attempted burglary in the second degree. (Report and Recommendation ("R&R") 1.) The factual and procedural backgound of this case are fully set forth in the January 6, 2010 R&R issued by Magistrate Judge Lisa Margaret Smith, and the Court assumes the Parties' familiarity therewith. The case was referred to Magistrate Judge Smith for review pursuant to 28 U.S.C. § 636(b).[1] Magistrate Judge Smith reviewed the

[1] This case was initially assigned to Judge Michael B. Mukasey. On May 24, 2005, the case was reassigned to Judge Colleen McMahon, who referred it to Magistrate Judge Smith. (Dkt. Nos. 4, 5.) The case was reassigned to this Court on August 6, 2007. (Dkt. No. 36.)

matter and issued a thorough R&R, concluding that this Court should deny the Petition in all respects. (R&R (Dkt. No. 38).) Petitioner was advised of his right to file objections to the R&R, but he filed no objections.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(l) and Federal Rule of Civil Procedure 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1), plus an additional three days where, as here, service is made by mail. *See* Fed. R. Civ. P. 6(d). Thus, Petitioner had a total of seventeen working days to file objections after receiving the R&R.

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) ("A district court evaluating a Magistrate Judge's report and recommendation may adopt those portions of the . . . report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P.

72(b)(2)). "Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate . . . ." *DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (internal quotation marks omitted). "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1. Here, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R for clear error only. The Court finds no error in the R&R, clear or otherwise, and therefore adopts Magistrate Judge Smith's R&R in its entirety.

The Court agrees with Magistrate Judge Smith that Petitioner has not shown that the state court's joinder of offenses rose to the level of a constitutional violation. "Joinder of offenses rises to the level of a constitutional violation only if it actually render[s] petitioner's state trial fundamentally unfair and hence, violative of due process." *Herring v. Meachum*, 11 F.3d 374, 377 (2d Cir. 1993) (alteration in original) (internal quotation marks omitted); *see also Rolling v. Fischer*, 433 F. Supp. 2d 336, 343, 44 (S.D.N.Y. 2006) (noting that although there is "always a danger . . . that the jury may use the evidence cumulatively," "joinder of offenses has long been recognized as [] constitutionally acceptable," and habeas petitioners must "go beyond the potential for prejudice and prove [] *actual* prejudice" (emphasis in original) (internal quotation marks omitted)). The Court agrees with Magistrate Judge Smith that Petitioner has failed to show actual prejudice regarding the jury's ability to separate the proof of the counts at trial, as, in fact, the jury acquitted Petitioner on at least one charge, (Resp.'s R. of Exs. 334). *See United States v. Meszaros*, No. 06-CR-0290, 2008 WL 5113425, at *8 (E.D.N.Y. Nov. 25, 2008) (stating that defendant failed to show sufficient prejudice from joinder because likelihood of jury confusion was minimal where two schemes involved different entities and different victims and where any "generalized concerns . . . [could] be addressed by instructions to the jury"). Nor has Petitioner

shown any actual prejudice from his alleged inability to testify regarding one count but not regarding the other counts, because Petitioner has not made a "convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other" counts. *United States v. Werner*, 620 F.2d 922, 930 (2d Cir. 1980) (internal quotation marks omitted). Petitioner has offered "a mere unexplicated assertion of [his] desire to testify on only" some counts, which is "not enough to require severance." *United States v. Sampson*, 385 F.3d 183, 191 (2d Cir. 2004) (internal quotation marks omitted).

The Court also agrees with Magistrate Judge Smith that Petitioner's Fourth Amendment claim regarding the allegedly unconstitutional arrest of Petitioner in order to obtain his fingerprints is procedurally barred, because the state court, in rejecting Petitioner's first § 440.10 motion, unambiguously ruled that the allegations "could have been raised at the trial level and in subsequent appeal." (Resp.'s R. of Exs. 517.) The state court judge explained, and Petitioner has offered no argument to the contrary, that "the facts in support of [Petitioner's Fourth Amendment claims] were present on the record," and that Petitioner gave no reason for his failure to raise the claims at trial or on direct appeal. (*Id.*) Thus, the Court adopts Magistrate Judge Smith's recommendation that Petitioner's claim is procedurally barred, because the state court decision was based on an adequate and independent state law ground. *See Green v. Travis*, 414 F.3d 288, 293 (2d Cir. 2005) ("A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment 'rests on a state law ground that is independent of the federal question and adequate to support the judgment' . . . ." (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)); *see also Cone v. Bell*, 556 U.S. 449, 465 (2009) ("[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an

independent and adequate state ground for denying federal review."). Further, the Court concurs with Magistrate Judge Smith that Petitioner has not shown either cause or prejudice for the procedural default, nor is there any evidence that would satisfy the fundamental miscarriage of justice exception.[2] For the same reasons, Petitioner's Fifth Amendment claims regarding the police's alleged procurement of his fingerprints in violation of his right to counsel are also procedurally barred: As explained by Magistrate Judge Smith, these claims were also first raised in Petitioner's initial § 440.10 motion, which motion was denied based on the independent and adequate state law ground of his failure to raise the claims at trial or on appeal.[3]

---

[2] Moreover, as Magistrate Judge Smith explains, because Petitioner had "an opportunity for full and fair litigation" of his Fourth Amendment claim in state court, "the Constitution does not require that" he be granted federal habeas corpus relief on the ground that the fingerprints were obtained in an unconstitutional search or seizure. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) ("[R]eview of fourth amendment claims in habeas petitions w[ill] be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process."). There cannot be any doubt that Petitioner had such an opportunity, because "the federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in [New York Criminal Procedure Law], as being facially adequate." *Capellan*, 975 F.2d at 70 n.1 (internal quotation marks omitted); *see also Singleton v. Conway*, No. 10-CV-6505, 2011 WL 5187958, at *7 (W.D.N.Y. Nov. 1, 2011) (noting that "New York's Criminal Procedure Law §§ 710.20 to 710.70" "clearly" provide "a full and fair opportunity to litigate [Fourth Amendment] claim[s] concerning . . . arrest in the state courts").

[3] Even assuming that these claims were not procedurally barred, Petitioner's only objection to the alleged failure to provide him an attorney during the November 1995 interrogation is that the police were able to obtain his fingerprints. As explained by Magistrate Judge Smith, law enforcement subsequently arrested Petitioner in December 1995 and took his fingerprints, and it was the second set of fingerprints that were analyzed and used at trial. Thus, even if the first set of fingerprints were obtained in violation of the Fifth Amendment, the evidence offered by the prosecutors in support of Petitioner's convictions was derived from an independent source and was, therefore, constitutionally admissible at trial. *See Wong Sun v. United States*, 371 U.S. 471, 487 (1963) (noting that "the exclusionary rule has no application" when the government learns "of the evidence from an independent source" (internal quotation marks omitted)); *United States v. Fischer*, 700 F.2d 780, 784 (2d Cir. 1983) (noting that, because

Finally, the Court adopts Magistrate Judge Smith's recommendation that Petitioner has failed to show that the state courts unreasonably applied the principles of *Strickland v. Washington*, 466 U.S. 668 (1984), in denying his ineffective assistance of counsel claims, which were raised in his second § 440.10 motion. *See Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (noting that under the Antiterrorism and Effective Death Penalty Act's deferential standard, courts "must determine not whether the state court was incorrect or erroneous in rejecting [a petitioner's] ineffective assistance claim, but whether it was 'objectively unreasonable' in doing so"). A petitioner asserting ineffective assistance of counsel must show: (1) that his or her attorney's performance fell below an "objective standard of reasonableness;" and (2) that the deficient performance prejudiced him or her so that a "reasonable probability" exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *United States v. Eyman*, 313 F.3d 741, 742 (2d Cir. 2002) (same). The Court agrees with Magistrate Judge Smith that Petitioner's ineffective assistance of trial counsel claims are meritless because, even if trial counsel's omissions were objectively unreasonable, Petitioner has failed to show any reasonable probability that the result of the trial could have been different. Petitioner's ineffective assistance claims revolve around his Fourth and Fifth Amendment claims, discussed above, and, as already explained, Petitioner's convictions were based on independently derived evidence. *See Wong Sun*, 371 U.S. at 487. The Court also agrees with Magistrate Judge Smith that Petitioner's ineffective assistance of appellate counsel claims are without merit. Appellate counsel is "not required to raise every non-frivolous issue on

---

the challenged incriminating statements were never actually introduced into evidence at the defendant's trial, "any argument over [the] illegality [of the statements] falls flat unless it can be linked to other evidence that actually formed the basis of the [defendant's] conviction").

appeal." *Sellan*, 261 F.3d at 317; *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000) (noting that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal"). Here, as Magistrate Judge Smith explained, the claims that Petitioner argues were omitted by appellate counsel were all meritless, and the claims that Petitioner alleges were "deficient" were competently briefed by his attorney.

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated January 6, 2010, is ADOPTED in its entirety. It is further

ORDERED that Petitioner's writ of habeas corpus is DENIED. It is further

ORDERED that the Court declines to issue a certificate of appealability. It is further

ORDERED that the Court certifies, pursuant to 28 U.S.C. § 1915(a) (3), that an appeal from this judgment would not be taken in good faith. It is further

ORDERED that the Clerk of the Court is directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated: September 28, 2012
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List

For Mailing by Clerk's Office:

William Page
96-A-7843
(UH11/12)
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 129

Andrew R. Kass, Esq.
Orange County Attorney
255 Main Street, County Government Center
Goshen, NY 10924